UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHUS JAMAL SANDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WENDY BEHAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01287-TLN-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>　(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff filed a complaint against Judge Wendy Behan and Shenyka Rilynn Boykins, the mother of his child. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

　　　A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

16 **Analysis**

17 Plaintiff's complaint contains allegations relating to two discrete issues.  ECF No. 1 at 7.
18 The first is a child custody dispute: plaintiff alleges that he has attempted to contact his child, KS,
19 but that the child's mother, defendant Boykins, blocked his number.  *Id.*  Plaintiff claims that,
20 although he has visitation rights, defendant Judge Behan authorized a restraining order
21 prohibiting him from seeing defendant Boykins.  *Id.*  He alleges that defendants have deprived
22 him of his ability to raise KS.  *Id.*

23 Separately, plaintiff alleges that he has experienced issues at gyms in the San Diego area,
24 where he resides, including certain unfavorable treatment or attention from other gymgoers.  *Id.*
25 He notes that gym equipment has been unavailable at certain times, that he is receiving aggressive
26 attention from male members, and that he has had several gym memberships canceled due to
27 "[w]eight dropping, conversation[s] with women, asking members for space in an area where I'd
28 be attending."  *Id.*  Plaintiff claims these acts violated 18 U.S.C. § 241.  *Id.*

1    These allegations do not state a claim for relief. As an initial matter, plaintiff cannot state a claim under 18 U.S.C. § 241 or the False Claims Act, 31 U.S.C. § 3729. 18 U.S.C. § 241 is a criminal statute that does not provide a private right of action, *see Markley v. City of Seattle*, No. C22-5038-RSL, 2022 WL 374415, at *1 (W.D. Wash. Feb. 8, 2022), and the False Claims Act has no application to the complaint's allegations, *see* 31 U.S.C. § 3729.

His allegations suggest that plaintiff seeks to hold Judge Behan liable for granting a restraining order. Judge Behan, however, is entitled to immunity from suit based on that act. *See Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

To the extent that plaintiff seeks relief from a child custody order, this court lacks jurisdiction to review errors in such orders. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *see also Samuel v. Michaud*, 980 F. Supp. 1381, 1411 (D. Idaho 1996) ("The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."). Moreover, this court lacks the ability to review child custody orders pursuant to the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony and child custody decrees." *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees").

Plaintiff may be attempting to make out a claim for interference with familial association under the Fourteenth Amendment. "The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001). The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d

3

1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, officials may interfere with the right if they provide the parents with fundamentally fair procedures." *Id.* (citations and quotations omitted). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id.* at 1237-38. Thus, to remove a child from a parent's custody without judicial authorization, government officials must have "reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Demaree v. Pederson*, 887 F.3d 870, 878 (9th Cir. 2018). "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). Plaintiff fails to allege a familial association claim because he has not alleged that KS was removed from him without a court order. Indeed, it appears that there is a court order granting plaintiff visitation with KS. ECF No. 1 at 7.

Plaintiff also has not alleged that either defendant is responsible for the purported wrongful acts that he has faced in San Diego. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff must allege with at least some degree of particularity overt acts of defendants that support his claims. *Id.*

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First

Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

        Accordingly, it is hereby ORDERED that:

        1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

        2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

        3.  Failure to comply with this order will result in the dismissal of this action.

        4.  The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   January 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5