UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHUS JAMAL SANDERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WENDY BEHAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01287-DJC-JDP (PS)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS |

　　　　On January 12, 2023, the court screened plaintiff's complaint, notified plaintiff that it failed to state a claim, and gave him thirty days to file an amended complaint. ECF No. 3. To date, plaintiff has not filed an amended complaint.

　　　　To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

　　　　The court will give plaintiff an opportunity to explain why this case should not be dismissed for failure to file an amended complaint. Plaintiff's failure to respond to this order will

constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, an amended complaint.

IT IS SO ORDERED.

Dated:    April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE